**FOLEY**

**FOLEY & LARDNER LLP**

January 22, 2015

<u>VIA ECF</u>

Honorable Paul A. Engelmayer
United States District Court
500 Pearl Street
New York, New York 10007

Re:   *Lehman Brothers Holdings Inc. v. Hometrust Mortgage Company, 15-cv-00304-PAE.*

Dear Judge Engelmayer:

We are counsel to the Defendant, Hometrust Mortgage Company ("Hometrust"), in the above-referenced proceeding. We respectfully submit this letter on behalf of Hometrust to address certain scheduling issues.

By way of background, Lehman Brothers Holdings Inc. ("LBHI") initiated the underlying action in the Bankruptcy Court (Case No. 08-13555 (SCC), the "Bankruptcy Case") by filing an adversary complaint against Hometrust (Adv. Pro. No. 14-02392 (SCC), the "Adversary Proceeding") on October 31, 2014. On January 12, 2015, Hometrust filed and served its Motion to Dismiss (the "Motion to Dismiss") LBHI's complaint. The Motion to Dismiss was noticed for hearing on February 19, 2015. Also on January 12, 2015, Hometrust filed and served its Memorandum of Law in Support of its Motion to Withdraw the Reference (the "Motion to Withdraw") that was docketed in this Court in the above-referenced case no. 15-cv-00304 (the "District Court Proceeding") on January 15, 2015 [Dkt. No. 1]. On January 16, 2015, the Bankruptcy Court held a pre-trial conference in the Adversary Proceeding. During that conference, LBHI requested that the February 19, 2015 hearing date on the Motion to Dismiss be advanced to an earlier date. The Bankruptcy Court obliged and scheduled the hearing on the dispositive Motion to Dismiss for February 9, 2015.

Following the January 16, 2015 Bankruptcy Court conference, the parties conferred regarding scheduling in the District Court Proceeding. Specifically, the parties attempted to reach agreement on a briefing schedule for the Motion to Withdraw. Counsel for LBHI requested two weeks from the time of our discussions to file its response to the Motion to Withdraw or <u>February 3, 2015</u>. Hometrust requested that LBHI file any responsive pleading by <u>January 27, 2015</u> as it was served the brief on January 12, 2015. Hometrust offered its deadline to reply be set three days later by <u>January 30, 2015</u>. The parties were not able to reach agreement.[1]

---

[1] Hometrust made numerous attempts over several days to reach an agreement with LBHI. After reaching an impasse, Hometrust provided LBHI's counsel with a copy of this letter on January 21, 2015 and requested that the parties submit a joint letter, as requested by the Court. On January 22, 2015, LBHI advised that it preferred to submit individual letters.

4813-0022-5825.1

### Hometrust Requests that the Court Accept its Proposed Schedule Set Forth Above and Expedite its Ruling on the Motion to Withdraw and/or Stay the Bankruptcy Court's Ruling on the Motion to Dismiss Pending This Court's Ruling on the Motion to Withdraw

Hometrust seeks a ruling from the U.S. District Court on the Motion to Withdraw prior to the Motion to Dismiss in the interest of judicial economy. As described in the Motion to Withdraw, the sole issue raised through the Adversary Proceeding is a "non-core," state law contract dispute whereby LBHI seeks a legal determination through a declaratory judgment as to the proper accrual date for its alleged indemnification claim. The determination on this issue will dictate when the applicable statute of limitations began to run related to such alleged indemnification claim. This same issue is directly addressed in Hometrust's Motion to Dismiss which argues that based on the fact that it is a breach of contract claim, and the indemnification *provision* does not create a separate cause of action with a later accrual date, any alleged claim is time-barred by the applicable statute of limitations and the complaint therefore fails to state a claim upon which relief may be granted. Accordingly, a ruling *either way* on the Motion to Dismiss will effectively be dispositive as to the relief requested through the Adversary Proceeding, *i.e.*, to rule on the Motion to Dismiss a court must necessarily resolve the accrual date/statute of limitations – the exact relief requested through the Adversary Proceeding.

Hometrust faces prejudice if the Bankruptcy Court rules on this dispositive issue before this Court rules on the Motion to Withdraw. As described in the Motion to Withdraw, this is a "non-core," state law contract action governed entirely by state law that is not properly determined by the Bankruptcy Court. The United States Supreme Court has held that such pre-petition contract claims are non-core claims over which the Bankruptcy Court lacks jurisdiction to issue a final order. *See Stern v. Marshall,* 131 S.Ct. 2594, 2614 (2011). Therefore, any findings by the Bankruptcy Court in the Adversary Proceeding must be reviewed *de novo* by this Court. In this case, because a ruling on the Motion to Dismiss is effectively dispositive as to the relief requested in the Adversary Proceeding, going forward with the Motion to Dismiss in the Bankruptcy Court before the Motion to Withdraw has been determined would, among other things, subject the parties to potentially inconsistent rulings and require duplicative review by this Court, unnecessarily wasting judicial and party resources. Indeed, even in the event the Motion to Withdraw is denied by this Court, the Motion to Dismiss may then proceed in Bankruptcy Court without prejudice to either party.

Accordingly, Hometrust respectfully requests that this Court (i) expedite briefing and adjudication of the Motion to Withdraw as described herein before the scheduled Bankruptcy Court hearing date on February 9, 2015 and/or (ii) stay the hearing on the Motion to Dismiss in the Bankruptcy Court pending the determination of the Motion to Withdraw. Additionally, Hometrust is amenable to consolidation of this case with *Lehman Brothers Holdings Inc. v. LHM*

January 22, 2015
Page 3

*Financial Corporation, 15-cv-00300-GHW*, a similar action pending before Judge Woods, in the interest of judicial economy.

                              Respectfully submitted,

                              */s/ Derek L. Wright*
                              Derek L. Wright
                              FOLEY & LARDNER LLP
                              90 Park Avenue
                              New York, New York 10016
                              Telephone: (212) 338.3539

                              and

                              Evans D. Prieston
                              AMERICAN MORTGAGE LAW GROUP
                              75 Rowland Way, Suite 350
                              Novato, California 94945
                              Telephone: (415) 878.0030

                              *Counsel for Hometrust Mortgage Company*

cc:  James N. Lawlor (via ECF and email)