

**FOLEY & LARDNER LLP**

January 26, 2015

<u>VIA ECF</u>

Honorable Paul A. Engelmayer
United States District Court
500 Pearl Street
New York, New York 10007

Re: ***Lehman Brothers Holdings Inc. v. Hometrust Mortgage Company*, 15-cv-00304-PAE.**

Dear Judge Engelmayer:

    We are counsel to the Defendant, Hometrust Mortgage Company ("Hometrust"), in the above-referenced proceeding. On January 22, 2015, Hometrust submitted a letter to the Court (the "Hometrust Letter") [Dkt. No. 3] to address certain scheduling issues surrounding Hometrust's Motion to Withdraw the Reference (the "Motion to Withdraw") [Dkt. No. 1]. In particular, Hometrust requested that the Court grant its proposed briefing schedule and expedite its ruling on the Motion to Withdraw and/or stay the Bankruptcy Court's ruling on Hometrust's Motion to Dismiss[1] pending this Court's ruling on the Motion to Withdraw. On January 26, 2015, plaintiff Lehman Brothers Holdings Inc. ("LBHI") filed a letter with the Court stating that in light of a revised briefing schedule in the Bankruptcy Court, the primary basis for Hometrust's request for an expedited schedule and ruling on the Motion to Withdraw "has been mooted" (the "LBHI Letter") [Dkt. No. 5]. We respectfully write in response to the LBHI Letter. While it's true that the Bankruptcy Court has rescheduled the hearing on the Motion to Dismiss from February 9, 2015 to February 17, 2015, that does not render Hometrust's request for an expedited schedule and ruling on the Motion to Withdraw moot.

    As described in the Hometrust Letter, which is fully incorporated herein by reference, Hometrust faces potential prejudice if the Bankruptcy Court rules on the Motion to Dismiss before this Court rules on the Motion to Withdraw. Specifically, because a ruling on the Motion to Dismiss is effectively dispositive as to the relief requested in the Adversary Proceeding, going forward with the Motion to Dismiss in the Bankruptcy Court before the Motion to Withdraw has been determined would, among other things, subject the parties to potentially inconsistent rulings and require duplicative review by this Court, unnecessarily wasting judicial and party resources.

    Given the revised schedule in the Bankruptcy Court, Hometrust would be agreeable to a briefing schedule on the Motion to Withdraw that allows this Court to rule in advance of the Bankruptcy Court hearing on February 17, 2015. Otherwise, Hometrust's previous requests remain the same. Counsel for Hometrust is happy to participate in a scheduling conference to discuss this and any related issues.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Hometrust Letter.

January 26, 2015
Page 2

                    Respectfully submitted,

                    ___/s/ *Derek L. Wright*
                    Derek L. Wright
                    FOLEY & LARDNER LLP
                    90 Park Avenue
                    New York, New York 10016
                    Telephone: (212) 338.3539

                    and

                    Evans D. Prieston
                    AMERICAN MORTGAGE LAW GROUP
                    75 Rowland Way, Suite 350
                    Novato, California 94945
                    Telephone: (415) 878.0030

                    *Counsel for Hometrust Mortgage Company*

cc:  James N. Lawlor (via ECF and email)