FOLEY & LARDNER LLP
Richard J. Bernard
Derek L. Wright
90 Park Avenue
New York, New York 10016
Tel: (212) 682.7474
Fax: (212) 687.2329
dlwright@foley.com

AMERICAN MORTGAGE LAW GROUP
Evans D. Prieston
75 Rowland Way, Suite 350
Novato, CA 94945
Tel: (415) 878.0030
Fax: (415) 878.0035
eprieston@americanmlg.com

*Counsel for Defendant Hometrust Mortgage Company*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOMETRUST MORTGAGE COMPANY,<br><br>Defendant. | Case No.:  15-cv-00304 (PAE) |

## HOMETRUST MORTGAGE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO WITHDRAW THE REFERENCE

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 4

I.     Long-Standing Second Circuit Precedent Favors Withdrawal of Non-Core Claims ......... 4

II.    Withdrawal Supports Efficiency As LBHI's Claim Will Not Benefit From
       Bankruptcy Court Review In The First Instance ............................................... 5

III.   LBHI's Focus On Subject Matter Jurisdiction Is A Red-Herring And Has No
       Bearing Here .............................................................................................. 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ace Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.)*,
448 Fed. Appx. 134 (2d Cir. 2011) ................................................................10

*CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*,
396 B.R. 602 (S.D.N.Y. 2008) ......................................................................10

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
462 B.R. 457 (S.D.N.Y. 2011) ......................................................................10

*Eastern Airlines, Inc. v. Hotel Marriott Corp. (In re Ionshpere Clubs, Inc.)*,
1999 Bankr. LEXIS 1875 (Bankr. S.D.N.Y. May 12, 1999) .................................10

*Enron Corp. v. The Belo Co. (In re Enron Corp.)*,
317 B.R. 232 (S.D.N.Y. 2004) ........................................................................9

*Executive Benefits Insurance Agency v. Arkinson*,
134 S. Ct. 2165 (2014) ................................................................................10

*In re Allegiance Telecom, Inc.*,
356 B.R. 93 (S.D.N.Y. 2006) ........................................................................10

*In re Fairfield Sentry Ltd.*,
2010 WL 4910119 (S.D.N.Y. Nov. 22, 2010) ...............................................7, 9

*In re Metro-Goldwyn-Mayer*,
459 B.R. 550 (Bankr. S.D.N.Y. 2011) ...........................................................10

*In re Orion Pictures Corp.*,
4 F.3d 1095 (2d Cir. 1993) ......................................................................2, 4, 9,

*In re Park Radiologists, P.C.*,
450 B.R. 461 (Bankr. S.D.N.Y. 2011) ...........................................................10

*Kirschner v. Agoglia*,
476 B.R. 75 (S.D.N.Y. 2012) ..........................................................................9

*Krys v. Sugrue*,
2008 WL 4700920 (S.D.N.Y. Oct. 23, 2008) ...................................................10

*Lehman Bros. Holdings Inc. v. Intel Corp. (In re Lehman Bros. Holdings Inc.)*,
18 F. Supp. 3d 553, 558 (S.D.N.Y. 2014) .........................................................9

i

*Mishkin v. Ageloff (In re Alder, Coleman Clearing Corp.)*,
    270 B.R. 562 (S.D.N.Y. 2001)................................................................................9

*Moore Macro Fund, LP v. Lehman Brothers Holdings Inc. (In re Lehman
    Brothers Holdings, Inc.)*,
    2014 WL 463557 (S.D.N.Y. September 5, 2014)....................................................9

*New England Nat'l, LLC v. Town of East Lyme (In re New England Nat'l, LLC)*,
    2012 WL 3987648 (Bankr. D. Conn. Sept. 11, 2012) ..........................................10

*Nisselson v. Salim*,
    2013 WL 1245548 (S.D.N.Y. Mar. 25, 2013) .........................................................9

*Olson v. Frederico (In re Grumman Olson Indus., Inc.)*,
    445 B.R. 243 (Bankr. S.D.N.Y. 2011)..................................................................10

*Rescap Liquidating Trust v. CMG Mortgage, Inc. (In re Residential Capital,
    LLC)*,
    2014 U.S. Dist. LEXIS 127744 (S.D.N.Y. September 10, 2014).......................2, 5

*Rescap Liquidating Trust v. Primary Capital Advisors, LLC (In re Residential
    Capital, LLC)*,
    2014 U.S. Dist. LEXIS 140584 (S.D.N.Y. September 16, 2014)...................2, 6, 10

*Rescap Liquidating Trust v. RBC Mortgage Company*,
    2014 U.S. Dist. LEXIS 123038 (S.D.N.Y. July 18, 2014) .......................1, 2, 3, 4, 5

*Residential Funding Co., LLC v. Greenpoint Mortgage Funding, Inc. (In re
    Residential Capital, LLC)*,
    519 B.R. 593 (S.D.N.Y. September 24, 2014)........................................3, 6, 7, 8

*Rodriguez v. Countrywide Home Loans*,
    421 B.R. 341 (S.D. Tex. 2009) ...............................................................................7

*Stern v. Marshal*,
    131 S. Ct. 2594 (2011)...............................................................................4, 10, 11

*Walker, Truesdell, Roth & Assocs. v. The Blackstone Group, L.P. (In re Extended
    Stay, Inc.)*,
    466 B.R. 188 (S.D.N.Y. 2011)................................................................................9

**Statutes**

28 U.S.C. § 157(d) ...........................................................................................................4, 11

## INTRODUCTION[1]

Plaintiff LBHI filed the underlying adversary proceeding in the Bankruptcy Court for the *sole* purpose of obtaining a declaratory judgment as to the accrual date of its alleged "contractual indemnification" claim against Hometrust in order to resolve Hometrust's asserted statute of limitations defense.   Memorandum of Law of Plaintiff Lehman Brothers Holdings Inc. in Opposition to the Motion (the "Opposition" or "Opp.") [Dkt. No. 8] p. 8.  In LBHI's own words, its single claim against Hometrust involves "straight-forward state law questions, such as statutes of limitations..."[2]  This discrete, "straight-forward" state law issue is raised by LBHI in order to facilitate its future mediation proceedings in which the defendants in those cases, like Hometrust, will raise the statute of limitations as a defense to LBHI's alleged indemnification claims.  LBHI's alleged indemnification claims arose pursuant to a pre-petition contract and are governed entirely by state law.

Significantly, LBHI concedes that its claim against Hometrust is a non-core claim as to which the Bankruptcy Court may not enter a final order – the primary factor considered by courts in evaluating requests to withdraw the reference to bankruptcy courts.   Nonetheless, LBHI argues that other considerations of judicial economy and efficiency, as well as uniformity of law, weigh in favor of the Bankruptcy Court retaining the case.  As detailed below, *the opposite is true*, consistent with the weight of authority in this Circuit.

It is well-established in the Second Circuit that "the determination that a proceeding is a non-core proceeding is the 'threshold question' in deciding a motion to withdraw a reference because it is 'upon this issue that questions of efficiency and uniformity will turn.'"   *Rescap*

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Hometrust Mortgage Company's Memorandum of Law in Support of Its Motion to Withdraw the Reference (the "Motion") [Dkt. No. 1].

[2] See LBHI's January 22, 2015 Letter to the Court [Dkt. No. 4].

*Liquidating Trust v. RBC Mortgage Company,* 2014 U.S. Dist. LEXIS 123038, *6 (S.D.N.Y. July 18, 2014) quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ("Orion"). Here, LBHI acknowledges that its claim is a non-core claim as to which the Bankruptcy Court will only be able to issue proposed findings of fact and conclusions of law that must be reviewed *de novo* by this Court.  Because the sole issue raised – the accrual date for statute of limitations purposes – will have to be reviewed a second time by a second court, it would be highly inefficient to go forward in the Bankruptcy Court knowing that its efforts will have to be repeated.

In addition to the non-core determination, other factors weigh heavily in favor of immediate withdrawal.  Numerous cases in this District *involving nearly identical facts to those here* have uniformly granted motions to withdraw the bankruptcy reference during the early stages of the case.  In the *In re Residential Capital, LLC* ("*Rescap*") Chapter 11 case, *Rescap* brought nearly identical suits for breach of contract and indemnification against sellers of allegedly defective mortgage loans following a similar global settlement of such liabilities that was approved by the Bankruptcy Court and incorporated into a confirmed Chapter 11 plan.  In three separate cases,[3] which LBHI fails to address in its Opposition, this Court granted defendants' motions to withdraw holding, among other things, "it would be inefficient for the district court to review the bankruptcy court's findings de novo, substantially repeating its work and *without the aid of any particular expertise of the bankruptcy court*."  *See CMG Mortgage,* 2014 U.S. Dist. LEXIS at *8-9.

---

[3] *See Rescap Liquidating Trust v. CMG Mortgage, Inc. (In re Residential Capital, LLC),* 2014 U.S. Dist. LEXIS 127744 (S.D.N.Y. September 10, 2014) ("*CMG Mortgage*"); *Rescap Liquidating Trust v. RBC Mortgage Company (In re Residential Capital, LLC),* 2014 U.S. Dist. LEXIS 123038 (S.D.N.Y. July 18, 2014) ("*RBC Mortgage*"); *Rescap Liquidating Trust v. Primary Capital Advisors, LLC (In re Residential Capital, LLC),* 2014 U.S. Dist. LEXIS 140584 (S.D.N.Y. September 16, 2014) ("*Primary Capital*" and together with *CMG Mortgage* and *RBC Mortgage*, the "*Rescap* Cases").

Similarly here, the Bankruptcy Court does not have any particular expertise or unique advantage as to the single state law contract question at issue.  Therefore, considerations of efficiency and judicial economy advise against having the issue determined by two separate courts.  Specifically, the determination of the accrual date for an indemnification claim will *not* benefit from review by the Bankruptcy Court *and* the District Court and should be removed immediately to avoid duplication and inconsistent results.

In arguing otherwise, LBHI relies solely on the Bankruptcy Court's experience overseeing the Chapter 11 Case including: (i) confirmation of a Chapter 11 plan; (ii) approval of a global settlement of the claims giving rise to LBHI's alleged indemnification claims; and (iii) approval of certain alternative dispute resolution procedures.  Opp. p. 21-22.  However, this is "smoke and mirrors" as LBHI does not, *and cannot*, establish that a determination as to the accrual date for an indemnification claim will require or benefit from the Bankruptcy Court's familiarity with the Chapter 11 Case.  Indeed, as this Court held in the *Rescap* Cases, a breach of contract action by a debtor against a party to a pre-petition contract involves issues of state law separate from the debtor's bankruptcy proceeding.  *RBC Mortgage,* 2014 U.S. Dist. LEXIS 123038 at *5.  While a favorable decision on the statute of limitations issue will no doubt aid LBHI in its litigation, that is *not* the standard in considering a motion to withdraw.

In addition, the *one Recap* case granting withdrawal, and relied on by LBHI, is easily distinguishable.  In *Residential Funding Co., LLC v. Greenpoint Mortgage Funding, Inc. (In re Residential Capital, LLC),* 519 B.R. 593, 603 (S.D.N.Y. September 24, 2014) ("*Greenpoint*"), the District Court determined that the matter should remain in the Bankruptcy Court because of unique circumstances that *do not* exist here.  Moreover, as described below, other cases relied on by LBHI in which motions to withdraw the reference were denied, are similarly inapposite as the

claims at issue in those cases were not "straight forward" state law contract claims, but were claims that necessarily raised issues in the bankruptcy case and were therefore aided by the experience and expertise of the Bankruptcy Court, changing the analysis as to efficiency and judicial economy.  Here, like the *Rescap* Cases, determination of the single, state law contract claim at issue is entirely separate from the Chapter 11 Case and should be immediately withdrawn to promote efficiency and judicial economy and to avoid inconsistent rulings.

For these reasons, as fully explained below, Hometrust requests that this Court exercise its discretion to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

## ARGUMENT

### I.    Long-Standing Second Circuit Precedent Favors Withdrawal of Non-Core Claims

In *Orion*, the Second Circuit held that cause for withdrawal should be evaluated based on five factors: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law."  4 F.3d at 1101.  This Court recently confirmed that the core v. non-core determination "is the threshold question because in non-core matters, bankruptcy courts cannot issue final judgments or orders; their proposed findings of fact and conclusions of law must be reviewed *de novo* by a district court.  This additional step impedes efficiency and uniformity as the very same issues are reviewed a second time by a second court."  *RBC Mortgage*, 2014 U.S. Dist. LEXIS 123038 at *6 (granting a motion to withdraw the reference at the early stages of the case) citing 28 U.S.C. § 157(c) and *Stern v. Marshal*, 131 S. Ct. 2594 (2011) ("*Stern*").  Further, "[i]f 'a district court must review recommendations *de novo*, it would be inefficient to allow the proceedings to go forward, knowing that they will have to be substantially repeated.'"  *Id.* quoting *Dynegy v. Danskammer, LLC v. Peabody COALTRADE Int'l Ltd.,* 905 F. Supp. 2d 526, 532 (S.D.N.Y. 2012) and citing *DeWitt Rehab. & Nursing Ctr.,*

*Inc. v. Columbia Cas. Co.,* 464 B.R. 587, 593 (S.D.N.Y. 2012) ("Such duplicate reviews of the contracts and facts are costly and time-consuming and unnecessarily expend judicial resources").

  Here, LBHI concedes that its sole claim for declaratory judgment as to the accrual date for its alleged "contractual indemnification" claim is a non-core claim on which the Bankruptcy Court may not issue a final order and the District Court must review *de novo*.  Opp. p. 11, 15, 16-17.  Therefore, consistent with the well-established authority in this Circuit, immediate withdrawal will promote efficiency and judicial economy by avoiding duplicate review of a straight-forward state law contract issue.

## II. <u>Withdrawal Supports Efficiency As LBHI's Claim Will Not Benefit From Bankruptcy Court Review In The First Instance</u>

  In addition to the threshold non-core determination, other factors weigh heavily in favor of immediate withdrawal.  As described above, on nearly identical facts, the District Court granted several motions to withdraw the bankruptcy reference in the *Rescap* Cases during the early stages of those cases.[4]  The *Rescap* Cases involved similar breach of contract and indemnification claims stemming from allegedly defective mortgages sold to a debtor under similar loan purchase agreements.  In holding that it would be more efficient to litigate the actions in the District Court, the Court determined that the Bankruptcy Court had no particular expertise that would prove valuable in resolving such state law contract claims.  *See CMG Mortgage,* 2014 U.S. Dist. LEXIS at *8-9 ( "it would be inefficient for the district court to review the bankruptcy court's findings de novo, substantially repeating its work and <u>*without the aid of any particular expertise of the bankruptcy court*</u>" (emphasis added)); *RBC Mortgage,* 2014 U.S. Dist. LEXIS 123038 at *5 ("The analysis of whether RBC breached a representation or

---

[4] LBHI's statement that "Courts in this District generally do not favor withdrawal at an early stage" fails to consider the *Rescap* Cases and as described below, is based on inapposite authority.  Opp. p. 11, 20.

warranty is likely to be fact-intensive, requiring considerable discovery, and varying from loan to loan. *It has no legal connection to the bankruptcy proceeding* except that if ResCap prevails it will help to satisfy the claim of ResCap's creditors. That, however, *is not a relevant fact in determining whether or not the prepetition breach of contract claims should be litigated in bankruptcy court*" (emphasis added)); *Primary Capital,* 2014 U.S. Dist. LEXIS 140584 at *11-12 ("Although [Bankruptcy] Judge Glenn has an unparalleled depth of familiarity with the underlying bankruptcy case, relevant settlements and the Plan, the issues at the heart of this adversary proceeding are contract law questions under Minnesota law, *as to which the bankruptcy court does not have a unique advantage*" (emphasis added)).[5]

Similarly here, the Bankruptcy Court has no particular expertise with the contract claim at issue and does not have a unique advantage over the District Court that would warrant a duplicate review by the Bankruptcy Court *and* District Court. Therefore, LBHI's claim should be removed immediately to avoid duplication and inconsistent results.

Notwithstanding the nature of LBHI's claim and this Court's holdings in the *Rescap* Cases, LBHI argues that "[t]he Bankruptcy Court is the most logical place to centralize the management of these cases, for the reasons stated in [*Greenpoint*]." Opp. p. 20. Significantly, however, with the exception of one parallel proceeding,[6] *no* similar claims for either contractual indemnification or a declaration as to the accrual date for LBHI's contractual indemnification claim have been raised by LBHI before the Bankruptcy Court. In addition, none of the issues

---

[5] The underlying loan purchase agreements in the *Rescap* Cases included a Minnesota forum selection clause. While that factor was discussed, it was not determinative and did not change the analysis and conclusion that a bankruptcy court does not have any particular expertise with state law claims not available in the District Court warranting duplicative review.

[6] LBHI has filed one similar proceeding against LHM Financial Corporation, Adv. Pro. No. 14-02393 (the "LHM Proceeding"), which is similarly subject to a motion to dismiss and withdraw the reference which is docketed before this Court as Case No. 15-cv-00300 (GHW).

previously managed and determined in the Bankruptcy Court, as described above, will be implicated in determining the single, straight-forward, state law contract claim at issue here. Accordingly, contrary to LBHI's argument, the Bankruptcy Court has no particular familiarity with the contract claim at issue.  Opp. p. 21.  Indeed, what becomes abundantly clear is that *it is LBHI, not Hometrust,* that is forum shopping, as it would prefer that its claim be determined by the Bankruptcy Court.[7]   Not only improper, LBHI's preference for a forum it perceives as more favorable *does not* make it the "logical place" to proceed with its claim for all of the reasons articulated by courts in the Second Circuit and detailed above.

Moreover, *Greenpoint*, on which LBHI relies, is inapposite.  Opp. p. 20-22.  In holding that similar breach of contract and indemnification claims should remain in the Bankruptcy Court, the District Court in *Greenpoint* relied on three primary considerations that *do not* exist here.  First, it held that in order to determine the defendant's share of liabilities incurred by the plaintiff in the global settlement, "will likely require substantial consideration, interpretation, and application of the terms of the Plan and the Global Settlement incorporated therein." *Greenpoint,* 519 B.R. at 603.  Here, LBHI is only asking for a declaration as to the accrual date of its alleged indemnification claim which will require no consideration of the Plan or settlement

---

[7] LBHI argues that simply filing a motion to withdraw the reference as Hometrust did here, "is indicative of forum shopping."  Opp. p. 19.  Such a statement is unfounded in both law and fact.  As described in detail herein and in the Motion, Hometrust moves to withdraw the reference to avoid duplicative and inconsistent rulings on a straight forward state law breach of contract claim – a well-recognized basis for withdrawal in this Circuit.  The two cases relied on by LBHI do not hold otherwise and are entirely inapposite.  In *Rodriguez v. Countrywide Home Loans,* 421 B.R. 341, 353 (S.D. Tex. 2009), the court *did not* hold that a party was guilty of forum-shopping, only that a party's actions seeking superior court guidance without first seeking interlocutory review "*could* be viewed by some as forum-shopping."  (emphasis added).  Indeed, in *Rodriguez,* the court held that "[w]hen a movant has been consistent in its position that particular proceedings belong in the district court, however, there is no support for forum shopping."  *Id.*  That is the case here.  Hometrust filed its Motion early in the case on the basis that the state law contract action belongs in the District Court.  In *In re Fairfield Sentry Ltd.,* 2010 WL 4910119 *22 (S.D.N.Y. Nov. 22, 2010), under entirely different facts, the court found that the underlying action was closely related to proceedings already pending before the bankruptcy court and without any explanation, broadly stated that "the Court is suspicious of forum-shopping motivations here."  As described herein, LBHI's state law contract action is unrelated to the Chapter 11 Case and the *Fairfield* court's "suspicion" has absolutely no relevance here.

but will require only a "straight-forward" application of New York law.  Second, the *Greenpoint* Court held that the defendant reserved its right to challenge the reasonableness of the settlements reached under the global settlement in that case which was squarely before the Bankruptcy Court in connection with the Plan and global settlement.  *Id.*  Here, the reasonableness of the global settlement reached by LBHI will not be at issue in simply determining the accrual date of its alleged claim stemming from that settlement.  Finally, the *Greenpoint* Court held that at least two and potentially more similar actions will be tried by the Bankruptcy Court regardless of the outcome of the motion to withdraw.  *Id.*  Here, with the exception of the LHM Proceeding, LBHI has not initiated similar adversary proceedings seeking indemnification or a declaration as to the statute of limitations issue.  Rather, any future indemnification claims will be handled through mediation pursuant to the ADR procedures that LBHI took great efforts to establish for this sole purpose.  Opp.  p. 6 ("[LBHI] has identified more than 3,000 potential counterparties and more than 11,000 loans that could qualify as Indemnification Claims and [LBHI] viewed mediation as the best mechanism to deal with the expected large volumes of disputes").  Therefore, the Bankruptcy Court will not hear "thousands of claims for indemnification," as LBHI suggests, that would somehow warrant all such cases being kept together before the Bankruptcy Court. And in any case, as an admittedly non-core state law claim, any similar claim raised will never be properly tried before the Bankruptcy Court.

Other cases LBHI relies on are similarly unavailing.  LBHI incorrectly argues that there is an "accepted proposition that motions to withdraw the reference are disfavored early in litigation."  Opp. p. 20.  First, this ignores the *Rescap* Cases described above that all granted early withdrawal of the same type of claims at issue here.  In addition, and conveniently overlooked by  LBHI, courts have qualified the alleged "proposition," finding early withdrawal

is only disfavored where the underlying action "is closely related to proceedings already pending before the bankruptcy court." *In re Fairfield Sentry Ltd.,* 2010 WL 4910119 at *19.   As described in detail herein, there are no other proceedings seeking a declaratory judgment as to the accrual date of an indemnification claim and the LHM Proceeding, also in its early stages and subject to a motion to withdraw and dismiss, is the only other case before the Bankruptcy Court seeking contractual indemnification.   Further, other cases LBHI cites that denied withdrawal early in a case involved different types of claims that presented a connection to the bankruptcy case that *does not* exist here.  *See, e.g., Nisselson v. Salim,* 2013 WL 1245548 *6 (S.D.N.Y. Mar. 25, 2013) (involved avoidance claims "which are customarily adjudicated by bankruptcy courts because they are core proceedings").[8]  Opp. p. 20-21.[9]

---

[8] *See also, Walker, Truesdell, Roth & Assocs. v. The Blackstone Group, L.P. (In re Extended Stay, Inc.),* 466 B.R. 188, 205-07 (S.D.N.Y. 2011) (included claims for fraudulent conveyance and disallowance of claims under the Bankruptcy Code and the court determined that "the bankruptcy court [should] make an initial determination of the [core v. non-core] classification" and "adjudication of these claims will likely raise novel issues of bankruptcy law – such as questions relating to section 546(e)"); *Enron Corp. v. The Belo Co. (In re Enron Corp.),* 317 B.R. 232, 234 (S.D.N.Y. 2004) (the claims as issue were core claims including preference and fraudulent transfer claims presenting issues with which a bankruptcy court is uniquely familiar); *Moore Macro Fund, LP v. Lehman Brothers Holdings Inc. (In re Lehman Brothers Holdings, Inc.),* 2014 WL 463557 at *1 (S.D.N.Y. September 5, 2014) (the claims at issue were core claims involving swap agreements and "the bankruptcy court[] [had] extensive experience with the standard form contract agreement that is the basis of the swap agreements here"); *Mishkin v. Ageloff (In re Alder, Coleman Clearing Corp.),* 270 B.R. 562, (S.D.N.Y. 2001) (denying withdrawal under entirely different facts including: (i) there was no objection to withdrawal; (ii) the court had already substantially overseen discovery; and (iii) the district court was not convinced the issue required significant interpretation of non-bankruptcy law); *Lehman Bros. Holdings Inc. v. Intel Corp. (In re Lehman Bros. Holdings Inc.),* 18 F. Supp. 3d 553, 558 (S.D.N.Y. 2014) (addressing claims related to swap agreements, the Court denied withdrawal where the Bankruptcy Court was already supervising discovery and had experience in similar proceedings); *Kirschner v. Agoglia,* 476 B.R. 75, 83 (S.D.N.Y. 2012) (involved core, fraudulent transfer claims which the Bankruptcy Court had already spent three years overseeing).

[9] LBHI incorrectly asserts that Hometrust is not entitled to a jury trial and such jury right further supports withdrawal as such trial must proceed in the District Court.  *Orion,* 4 F.3d at 1101.  However, for all of the reasons stated above, considerations of efficiency and judicial economy warrant withdrawal regardless of any jury right. LBHI's own concessions confirm this.  LBHI acknowledges that it is simply seeking a ruling regarding the statute of limitations for its alleged indemnification claim.  Opp. p. 24.  As such, LBHI does not, *and cannot*, argue that such a limited, straight-forward state law claim implicates any particular expertise of the Bankruptcy Court warranting duplicative review.  Indeed, it does not and the Motion should be granted.

## III.   LBHI's Focus On Subject Matter Jurisdiction Is A Red-Herring And Has No Bearing Here

Finally, the majority of LBHI's Opposition addresses the Bankruptcy Court's subject matter jurisdiction over the adversary proceeding and discusses numerous cases discussing the tests for bankruptcy court subject matter jurisdiction, *not withdrawal of the reference*.  *See, e.g., In re Park Radiologists, P.C.,* 450 B.R. 461, 468 (Bankr. S.D.N.Y. 2011) (granting a motion to dismiss for lack of subject matter jurisdiction).[10]  Opp. p. 11-19.   This is a red-herring as the Bankruptcy Court's jurisdiction has *no* bearing on the decision to withdraw the reference.  As the Supreme Court made clear in *Stern*, "the issues of jurisdiction and final adjudicative power are distinct.  Consenting to jurisdiction . . . is not the same as consenting to the entry of a final determination by a non-Article III tribunal . . ."  *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,* 462 B.R. 457, 471 (S.D.N.Y. 2011).  In other words, even in cases where the Bankruptcy Court has subject matter jurisdiction to hear a case, withdrawal to the District Court is still appropriate based on considerations of judicial economy and efficiency and where the Bankruptcy Court cannot finally adjudicate the claim.   Indeed, that was the case in *Primary Capital* where this Court granted defendant's motion to withdraw the reference at the early stages of that case despite finding that the Bankruptcy Court had subject matter jurisdiction. 2014 U.S. Dist. LEXIS 140584 at *9-10 (finding that the subject claims satisfied the "close nexus" test for Bankruptcy Court jurisdiction but withdrawing the reference for cause).

---

[10] *See also, Ace Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.),* 448 Fed. Appx. 134 (2d Cir. 2011) (addressing a motion to dismiss for lack of subject matter jurisdiction and holding that the adversary proceeding fell within the bankruptcy court's jurisdiction as a core proceeding); *In re Metro-Goldwyn-Mayer,* 459 B.R. 550, 551 (Bankr. S.D.N.Y. 2011) (holding that bankruptcy court lacked subject matter jurisdiction); *New England Nat'l, LLC v. Town of East Lyme (In re New England Nat'l, LLC)*, 2012 WL 3987648 (Bankr. D. Conn. Sept. 11, 2012); *Eastern Airlines, Inc. v. Hotel Marriott Corp. (In re Ionshpere Clubs, Inc.),* 1999 Bankr. LEXIS 1875 (Bankr. S.D.N.Y. May 12, 1999); *In re Allegiance Telecom, Inc.,* 356 B.R. 93 (S.D.N.Y. 2006); *Krys v. Sugrue,* 2008 WL 4700920 (S.D.N.Y. Oct. 23, 2008); *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC,* 396 B.R. 602 (S.D.N.Y. 2008); *Olson v. Frederico (In re Grumman Olson Indus., Inc.),* 445 B.R. 243, 248 (Bankr. S.D.N.Y. 2011); *Executive Benefits Insurance Agency v. Arkinson,* 134 S. Ct. 2165 (2014).

## CONCLUSION

LBHI's state law contract claims belong in the District Court, as the factors in *Orion* and *Stern* overwhelmingly dictate.  There is clear cause for this Court to withdraw the reference of this action to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).  For the foregoing reasons, Hometrust respectfully requests that the Court grant its motion to withdraw the reference to the Bankruptcy Court.


Dated: February 10, 2015


                                                        Respectfully submitted,


                                                        */s/ Derek Wright*
                                                        Richard J. Bernard
Derek Wright
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338.3539
Fax: (212) 687.2329
dlwright@foley.com

and

Evans D. Prieston
AMERICAN MORTGAGE LAW GROUP
75 Rowland Way, Suite 350
Novato, CA 94945
Tel: (415) 878-0030
Fax: (415) 878-0035
eprieston@americanmlg.com

*Counsel for Defendant Hometrust Mortgage Company*